UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRYANNA G. M., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:23-cv-02663-BFM <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Bryanna G. M.[1] applied for Supplemental Security Income payments, alleging a disability that commenced on January 1, 2019. (Administrative Record ("AR") 22, 247-55.) Plaintiff's application was denied at the initial level of review and on reconsideration, after which she requested a hearing in front of an Administrative Law Judge. (AR 22.) The ALJ held a hearing and heard from Plaintiff, and a vocational expert (AR 38-62), after

---

[1]   In the interest of privacy, this Memorandum Opinion and Order uses only the first name and middle and last initials of the non-governmental party in this case.

1 which the ALJ issued an unfavorable decision. (AR 22-33.) The ALJ found at
2 step two of the disability analysis[2] that Plaintiff has the severe impairments of
3 bipolar disorder; personality disorder; and posttraumatic stress disorder. (AR
4 24.) At step three, the ALJ concluded that those conditions do not meet or
5 medically equal the severity of any impairment contained in the regulation's
6 Listing of Impairments—impairments that the agency has deemed so severe as
7 to preclude all substantial gainful activity and require a grant of disability
8 benefits. (AR 25); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.

9 The ALJ determined at step four that Plaintiff has no past relevant work,
10 but credited the vocational expert's testimony that an individual like Plaintiff
11 could perform other jobs in the national economy. (AR 32-33.) The ALJ thus
12 found Plaintiff to be not disabled and denied her claim. (AR 33.) The Appeals
13 Council denied review of the ALJ's decision. (AR 1-6.)

14 Dissatisfied with the agency's resolution of her claim, Plaintiff filed a
15 Complaint in this Court. Her sole argument here is that the matter should be
16 remanded because the ALJ failed to provide clear and convincing reasons for
17 rejecting Plaintiff's allegations regarding her anger outbursts. (Pl.'s Br. at 3.)
18 Defendant requests that the ALJ's decision be affirmed.

## II. STANDARD OF REVIEW

21 Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision
22 to deny benefits to determine if: (1) the Commissioner's findings are supported
23 by substantial evidence; and (2) the Commissioner used correct legal standards.
24 *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008);

---

[2] A five-step evaluation process governs whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520(a)-(g)(1), 416.920(a)-(g)(1). The ALJ, properly, conducted the full five-step analysis, but only the steps relevant to the issue raised in the Complaint are discussed here.

*Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence . . . is 'more than a mere scintilla.' It means—and only means—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 710 (9th Cir. 1998).

### III. DISCUSSION

The only question this case presents is whether the ALJ provided clear and convincing reasons supported by substantial evidence to discount Plaintiff's testimony regarding her anger outbursts. For the reasons set forth below, the Court determines that the ALJ's decision must be affirmed.

**A. Legal Standard**

Where a claimant testifies about subjective medical symptoms, an ALJ must evaluate such testimony in two steps. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could "reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and quotation marks omitted).

Second, if the claimant meets that first standard and there is no evidence of malingering, the ALJ can reject the claimant's testimony only by offering "specific, clear and convincing reasons for doing so." *Id.* (citation and internal

1 quotation marks omitted). An ALJ "is not required to believe every allegation of
2 disabling pain, or else disability benefits would be available for the asking, a
3 result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th
4 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted). At the
5 same time, when an ALJ rejects a claimant's testimony, she must "specify which
6 testimony she finds not credible, and then provide clear and convincing reasons,
7 supported by evidence in the record," to support that determination. *Brown-*
8 *Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015). General or implicit
9 findings of credibility will not suffice; the ALJ "must show [her] work." *Smartt*,
10 53 F.4th at 499; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090,
11 1102 (9th Cir. 2014).

12 The sufficiency of the explanation should be judged in light of its
13 purpose—ensuring that this Court's review is "meaningful." *Brown-Hunter*, 806
14 F.3d at 489. That is, the explanation must be "'sufficiently specific to allow a
15 reviewing court to conclude the adjudicator rejected the claimant's testimony on
16 permissible grounds and did not arbitrarily discredit a claimant's testimony
17 regarding pain.'" *Id.* at 493 (citation omitted). A "reviewing court should not be
18 forced to speculate as to the grounds for an adjudicator's rejection of a claimant's
19 allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th
20 Cir. 1991).

21 Judged by that standard, the ALJ's explanation of the decision to reject
22 Plaintiff's testimony about her symptoms was sufficient.

### B. The ALJ's Decision

25 The ALJ set out the two-step analysis for considering a claimant's
26 testimony. After doing so, she discounted Plaintiff's testimony, finding that her
27 testimony about the intensity, persistence, and limiting effects of her symptoms

4

1    was inconsistent with her "grossly stable response to medication management."
2    (AR 29.) Specifically, since starting regular medication management, Plaintiff
3    has required medication adjustments and reported persistent symptoms of
4    anger and social anxiety, but "there has been no reporting of hallucinations
5    despite increased anger and fighting with her girlfriend's father." (AR 29.)
6    During the period Plaintiff was compliant with medications, she only reported
7    two angry outbursts, one in August 2020 and the other in June 2021. A third
8    incident, a fight that reportedly occurred in March/April 2020, happened at a
9    time when Plaintiff was not taking her medications. But after starting her
10   medications again, she reported a "significant improvement in her mood" and
11   said that she was "more in control of her emotions." (AR 29.) Her treating
12   providers have also generally noted her to be calm and cooperative, and there
13   was no change in her mental status examinations even after changes in
14   routines, "like being kicked out of the house for a month or being out of town 'for
15   a while.'" (AR 29.) And, contrary to Plaintiff's hearing testimony, she reported
16   better control and recognition of her mood swings and anger with treatment.
17   (AR 29 (citing AR 401, 424, 427).)

18        For those reasons, the ALJ concluded that the limitations in the residual
19   functional capacity was adequate to accommodate Plaintiff's symptoms. (AR 30.)
20   Those limitations included never having contact with the public, occasional
21   contact with supervisors and co-workers, and occasional changes in the work
22   setting. (AR 26-27.)

23

24   **C.   Analysis**

25        Plaintiff argues that the ALJ erred, both in overlooking significant
26   portions of Plaintiff's testimony that contradicted the ALJ's conclusion, and in
27   failing to give reasons supported by substantial evidence for rejecting Plaintiff's
28

1 testimony. The Court is not persuaded that the ALJ erred.

2     One of Plaintiff's primary argument is that the ALJ mischaracterized the
3 prevalence of Plaintiff's anger issues. The ALJ noted that there were only two
4 reported incidents of angry outbursts since Plaintiff has been compliant with
5 her medication, one in August 2020 and one in June 2021. Plaintiff asserts that
6 this is a mischaracterization because she "has reported anger a number of
7 times." (Pl.'s Br. at 6 (citing AR 371, 377, 398, 412, 422, 429).) But Plaintiff's
8 citations do not bear out her claim. Of the six record cites, two are duplicates of
9 each other and discuss her August 2020 outburst (AR 412, 422), and one reflects
10 the outburst ten months later in June 2021 (AR 429.) Those three citations
11 support the ALJ's conclusion.

12     Of the remaining three citations, one reflects Plaintiff's report to her
13 therapist that she "is feeling well, her household is getting along well, and she
14 *denies* any recent impulsivity or anger/aggressive behavior." (AR 398 (emphasis
15 added).) The last two reflect Plaintiff's general description of her anger
16 symptoms to the consultative psychiatric examiner and on intake at the mental
17 health clinic. (AR 371, 377.) But the ALJ considered both reports. As for the
18 consultative examiner, Dr. DeBattista described Plaintiff's report of her history
19 of angry outbursts, but noted that the Plaintiff was not agitated or distressed in
20 the moment. Dr. DeBattista reported his views on the limitations warranted
21 based on his examination—including ones relating to Plaintiff's ability to work
22 with the public and coworkers. (AR 373.) The ALJ thoroughly discussed Dr.
23 DeBattista's examination, adopted part of it as persuasive, and analyzed how
24 Dr. DeBattista's report undermined Plaintiff's testimony. (AR 30.) In no way
25 was this report overlooked, nor does Plaintiff persuade the Court that the ALJ
26 wrongly understood the nature or frequency of Plaintiff's anger issues.

27     Likewise, the information contained in the intake note is described in the
28

ALJ's order; the intake record described Plaintiff's condition when she first sought treatment from Los Angeles County in January 2020, before she was stabilized on medication. (AR 28 (discussing AR 377).) Her statement describing her condition at the outset of treatment does not undermine the ALJ's determination that Plaintiff's anger symptoms improved after she began treatment. In short, the record does not bear out Plaintiff's claim that the ALJ overlooked significant incidents of angry outbursts while she was compliant with her medication regime.

Plaintiff points to other claims in her testimony: that she lives with her girlfriend and her girlfriend's grandparents and has "gotten kicked out five or six times because I like lose control and I spaz out and I've gotten into it with people in the house." (Pl.'s Br. at 6 (citing AR 50).) She also testified that her "main thing right now is like my social anxiety" (AR 46, 51), and noted that she has "been good" but "lose[s] it a little bit here and there but it's not like aggressive, and me throwing things or punching things," although she feels like she is "starting to spaz out again" and feels herself "getting back into that same pattern" of wanting to throw something or hit something." (AR 50-51.)

Again, the ALJ did not overlook that testimony; she simply concluded that that testimony was not entirely consistent with the evidence in the record—and in particular, that Plaintiff's anger issues were greatly reduced while she was compliant with her medication. (AR 28.) In contrast to her testimony during the hearing, Plaintiff told her therapist in July 2021 that, while "anger outbursts . . . are her main symptoms," her last episode was a month before that. (AR 29, 429.) At that same visit, Plaintiff reported that her anger symptoms are "way better with medications," and she will catch herself when she gets mad, can feel herself getting upset, and "nowadays . . . is recognizing it more." (AR 429.) The ALJ observed that Plaintiff reported fewer outbursts when complying with her

7

treatment, and, indeed, had told the ALJ at the hearing that her main symptom at that time was her social anxiety, a condition for which she started receiving medication about a month before the hearing. (AR 29, 46, 51, 52, 55, 424, 427, 429.) Once again, the Court is not persuaded that the ALJ's conclusion with respect to Plaintiff's anger issues is not supported by substantial evidence.

Plaintiff's brief suggests the ALJ overlooked that her condition caused her to drop out of school. (Pl.'s Br. at 6.) But Plaintiff dropping out of school had nothing to do with her anger. In July 2021, she reported to her therapist that she dropped out of cosmetology school due to being overwhelmed. She said the same during the hearing, where she testified that she only completed 3 months of a 2-year cosmetology program, because she was overwhelmed when classes went back to being in-person. (Pl.'s Br. at 6 (citing AR 45, 429).) Plaintiff's testimony that she dropped out of cosmetology school when it returned to in-person classes does not undermine the ALJ's finding that Plaintiff's anger outbursts decreased after starting treatment. As for Plaintiff's social anxiety, the ALJ took that condition into account when she limited Plaintiff to no public interactions and only occasional interactions with supervisors and coworkers, and Plaintiff does not challenge the ALJ's findings as to her social anxiety. (AR 30.)

Plaintiff argues that the ALJ's "sole reason" for rejecting Plaintiff's testimony regarding her anger is because "there is no indication that she would not improve." (Pl.'s Br. at 5 (citing AR 30).) The Court disagrees with Plaintiff's characterization. The ALJ's reference to potential future improvement, again, related to Plaintiff's social anxiety, not her anger. The ALJ noted that Plaintiff had had a good response to medication management *of her manic and depressive symptoms*, and opined that there is no indication that her "*social anxiety symptoms would not [also] improve*" with medication—medication that had only

been instituted the prior month. (AR 30 (emphasis added).) In other words, the ALJ's conclusion was not premised on any assumptions that Plaintiff's anger symptoms were on an upward trajectory.

For these reasons, the Court determines that the ALJ provided specific, clear and convincing reasons supported by substantial evidence for discounting Plaintiff's anger symptoms. *Biestek*, 139 S. Ct. at 1154. Remand is not warranted on this issue.

## IV. CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is **AFFIRMED**.

DATED: October 19, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

9